# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **THOMAS FOX, etc., et al.,**  Plaintiffs,  -vs-  **AMERICAN FAMILY INSURANCE COMPANY, et al.,**  Defendants. | **CASE NO. 1:20-CV-01991**  **JUDGE CHRISTOPHER A. BOYKO** |

### PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND SCHEDULING A FINAL APPROVAL HEARING

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiffs Mohamed El-Far ("Plaintiff El-Far), Thomas Fox, and Charlene Fox (the "Fox Plaintiffs") (collectively, "Representative Plaintiffs"), individually and on behalf of a Settlement Class,, respectfully move the Court for an order certifying a settlement class solely for purposes of preliminarily approving a settlement agreement, and further ordering preliminary approval in accordance with the terms and conditions set forth in the proposed preliminary approval order, attached as Exhibit A to the Settlement Agreement filed concurrently herewith.

Defendants American Family Insurance Company ("AFIC") and American Family Mutual Insurance Company, S.I. ("AFMIC") (collectively, "Defendants") will not oppose this motion for

approval of a settlement.[1] For purposes of preliminarily approving the Settlement Agreement only, Plaintiff seeks certification of a Settlement Class defined as follows:

> "2.34 "Settlement Class" means all policyholders under any residential or commercial property damage insurance policy issued by AFIC or AFMIC, who made: (a) a Structural Loss claim for property located in Ohio during the applicable Class Periods as defined in Section 2.14; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible, but excluding:
>
> 2.34.1 policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, i.e., by express use of the words "depreciation" and "labor";
>
> 2.34.2 any portion of policyholders' claims relating to roof damage under a residential AFMIC roof surface payment endorsement, which were paid based on a schedule and not by deducting depreciation;
>
> 2.34.3 policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance;
>
> 2.34.4 policyholders whose claims were denied or abandoned without ACV Payment;
>
> 2.34.5 Defendants and their officers and directors;
>
> 2.34.6 Members of the judiciary and their staff to whom this action is assigned and their immediate families; and
>
> 2.34.7 Class Counsel and their immediate families."

The Class Periods mean the following time periods:

> 2.14.1 AFMIC and AFIC residential policyholders with structural damage claims in Ohio with dates of loss on or after May 14, 2019 and on or before March 7, 2022;
>
> 2.14.2 AFMIC and AFIC commercial policyholders with structural damage claims in Ohio with dates of loss on or after May 14, 2018 and on or before March 7, 2022.

---

[1] As Paragraphs 1.5-1.6 of the Settlement makes clear, however, Defendants deny liability and absent settlement intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

Also, for purposes of preliminarily approving the Settlement Agreement, Plaintiffs further request that they be appointed class representatives, and that the undersigned counsel be appointed as counsel for the class. In support of her motion, Plaintiff states and shows as follows:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because counsel estimate that notice will be issue for thousands of claims at issue or potentially at issue. Defendants together have thousands of claims at issue.

3. Commonality under Rule 23(a)(2) is satisfied for the proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—whether Defendants can withhold labor depreciation from actual cash value payments under Defendants' property insurance policies. Plaintiffs' entitlement to prejudgment interest also presents a common issue.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement class because Plaintiffs made claims under their standard-form insurance policies, and Defendants withheld labor depreciation or other non-material depreciation in making an actual cash value payment to them. The proposed class representatives' claims arose from the underpayment of their actual cash value claim, and their claims are identical in all respects to the claims of the putative class.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class. Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominates over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor depreciation can be withheld under Defendants' policies. Superiority is satisfied for the settlement class because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7. Pursuant to Civil Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8. Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Class Action Settlement Agreement attached hereto as Exhibit 1.

9. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, 2011 U.S. Dist. LEXIS 17255, at *46-47 (E.D. Mich. Feb. 22, 2011).

10. As more fully set forth in the accompanying Memorandum and supporting Declaration, the Settlement is appropriate for preliminary approval. In summary, the Settlement provides the following categories of relief:

> **Settlement Class Members With Still Withheld Non-Material Depreciation**: Ohio policyholders from whom non-material depreciation was withheld and not subsequently recovered, and who submit a Claim Form, will receive a net payment of 100% of the withheld non-material depreciation, plus simple interest at the applicable Ohio statutory rate per annum on the net estimated Nonmaterial Depreciation determined under this section, from the date of the first ACV Payment to the date of Final Judgment.
>
> **Settlement Class Members Without Still Withheld Non-Material Depreciation**: Ohio policyholders from whom non-material depreciation may have been initially withheld, but was subsequently repaid in full (*i.e.*, through receipt of replacement cost benefits), and who submit a Claim Form, will receive simple interest at the applicable Ohio statutory rate per annum on the estimated Nonmaterial Depreciation that was initially withheld from ACV payments, from the date of the first ACV Payment from which Nonmaterial Depreciation was withheld to the date all Nonmaterial Depreciation was recovered.

11. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the systemic practice of withholding of nonmaterial depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Plaintiff's counsel in the accompanying Declaration.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompanying Declaration of Plaintiffs' counsel, Plaintiffs respectfully move for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Settlement Agreement, filed concurrently herewith.

Dated: July 20, 2022

                    Respectfully submitted,

                    */s/ James A. DeRoche*
                    James A. DeRoche, Esq. (0055613)
                    Garson Johnson LLC
                    2900 Detroit Avenue
                    Van Roy Building, Second Floor
                    Cleveland, Ohio 44113
                    Phone: 216-696-9330
                    Fax: 216-696-8558
                    Email: jderoche@garson.com

                    Patrick J. Perotti, Esq. (0005481)
                    Dworken & Bernstein Co., L.P.A.
                    60 South Park Place
                    Painesville, Ohio 44077
                    Phone: 440-352-3391
                    Fax: 440-352-3469
                    Email: pperotti@dworkenlaw.com

                    James A. DeRoche, Esq. (0055613)
                    Garson Johnson LLC
                    2900 Detroit Avenue
                    Van Roy Building, Second Floor
                    Cleveland, Ohio 44113
                    Phone: 216-696-9330
                    Fax: 216-696-8558
                    Email: jderoche@garson.com

                    Erik D. Peterson (pro hac vice)
                    Erik Peterson Law Offices
                    249 E. Main Street, Suite 150
                    Lexington, Kentucky 40507
                    Phone: 800-614-1957
                    Email: erik@eplo.law

                    Stephen G. Whetstone, Esq. (0088666)
                    Whetstone Legal, LLC
                    P.O. Box 6
                    2 N. Main Street, Unit 2
                    Thornville, Ohio 43076
                    Telephone: 740.785.7730

        Facsimile: 740.205.8898
        Email: steve@whetstonelegal.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 20th day of July, 2022.

        */s/ James A. DeRoche*
        James A. DeRoche, Esq. (0055613)
        GARSON JOHNSON LLC
        jderoche@garson.com
        *Co-counsel for Plaintiffs*