UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| THOMAS FOX, etc., et al., | CASE NO. 1:20-CV-01991 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| -vs- | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al., | |
| Defendants. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure and the parties' Settlement Agreement, Plaintiffs Mohamed El-Far, Thomas Fox, and Charlene Fox ("Plaintiffs"), individually and on behalf of a Settlement Class, respectfully move the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order. Defendants American Family Insurance Company ("AFIC") and American Family Mutual Insurance Company, S.I. ("AFMIC") (collectively, "Defendants") do not oppose this motion for final approval of a settlement.[1]

In support of this unopposed Motion, Plaintiffs submit the following:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity,

---

[1] As Paragraphs 1.9-1.10 of the Settlement make clear, however, Defendants deny liability or wrongdoing, and absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes thousands of potential Settlement Class Members.

3. Commonality under Rule 23(a)(2) is satisfied for a proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—*i.e.*, whether Defendants are permitted to withhold nonmaterial depreciation from ACV payments under Defendants' Ohio insurance policies.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement class because Plaintiffs made claims under one of Defendants' standard-form insurance policies, and Defendants withheld nonmaterial depreciation in making an actual cash value payment to Plaintiffs. The proposed class representatives' claims arose from the underpayment of their ACV claims, and their claims relating to the issue of nonmaterial depreciation are identical in all respects to the claims of the putative class.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class. Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether nonmaterial depreciation can be withheld from ACV payments under Defendants' policies. Superiority is satisfied for a settlement class because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy favor settlement.

7. Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is Class Action Settlement Agreement filed on April 18, 2022. Dkt. 28-1.

8. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, 2018 U.S. App. LEXIS 13882, at *14 (6th Cir. May 24, 2018).

9. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval. In summary, the proposed Settlement here provides that, for Class Members who submit claim forms, the Settlement will result in 100% net recovery of withheld Nonmaterial Depreciation for Class Members who still have outstanding nonmaterial depreciation withheld from their prior ACV claim payments, plus simple interest at the Ohio legal rate from the date of the first ACV payment to the date of final judgment. For Class Members who submit claim forms and for whom all nonmaterial depreciation that was withheld

from ACV Payments was subsequently paid, the Settlement will result in payment of simple interest at the Ohio legal rate on the estimated Nonmaterial Depreciation that was initially withheld from ACV payments, from the date of the first ACV Payment from which Nonmaterial Depreciation was withheld to the date all Nonmaterial Depreciation was paid (a.k.a. recaptured) by the insured Class Members.

10. Attorneys' fees, costs, class notice, and claims administration costs are to be paid separately by Defendants and will not reduce the amount of any Class Member's recovery.

11. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement.  In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the practice of withholding nonmaterial depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for entry of an order consistent with the proposed Final Approval Order previously filed with the Court. Dkt. 28-1, PageID.271-284.

Respectfully submitted,

*s/Patrick J. Perotti*
Patrick J. Perotti, Esq. (0005481)
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077
Phone: (440) 352-3391
Fax: (440) 352-3469
Email: pperotti@dworkenlaw.com

James A. DeRoche, Esq. (0055613)
Garson Johnson LLC
2900 Detroit Avenue
Van Roy Building 2nd Floor
Cleveland, OH 44113
Phone: (216) 696-9330
Fax: (216) 696-8558
Email: jderoche@garson.com

Erik D. Peterson (pro hac vice)
Erik Peterson Law Offices, PSC
249 E. Main Street, Suite 150
Lexington, Kentucky 40507
Phone: (800) 614-1957
Email: erik@eplo.law

Stephen G. Whetstone, Esq. (0088666)
Whetstone Legal, LLC
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
Phone: (740) 974-7730
Fax: (614) 829-3070
Email: steve@whetstonelegal.com

*Counsel for Plaintiffs and
the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 4th day of January, 2023.
.

*s/Patrick J. Perotti*
Patrick J. Perotti, Esq. (0005481)
DWORKEN & BERNSTEIN CO., L.P.A.
pperotti@dworkenlaw.com
*Co-counsel for Plaintiffs*